_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

MAR 1 8 2011

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DEPOSIT BOX

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

Yuri J. Stoyanov        .        :
7560 Pindell School Road          :
Fulton, MD 20759           :

        :

        Plaintiff        :

v.        :        Civil Action No _____

        :

Ray Mabus        :
Secretary of the Navy        :
United States Department of the Navy    :
1000 Navy Pentagon        :
Washington, DC 20350        :
and        :

Wayne Weikert        :
Individually and in his Official      :
Capacity as the acting Head of Code 70    :
Carderock Division Naval Surface Warfare Center
9500 McArthur Boulevard        :
West Bethesda, MD 20817-5700    :
and        :

Kevin M. Wilson        :
Individually and in his Official      :
Capacity as the Head of Code 74    :
Carderock Division Naval Surface Warfare Center
9500 McArthur Boulevard        :
West Bethesda, MD 20817-5700    :
and        :
William Martin        :
Individually and in his Official      :
Capacity as the Head of Code 722    :
Carderock Division Naval Surface Warfare Center
9500 McArthur Boulevard        :
West Bethesda, MD 20817-5700    :
and        :
Chris D. Meyer        :
Individually and in her Official Capacity  :
as EEO Chief and Commander of Code 00  :
Carderock Division Naval Surface Warfare Center

9500 MacArthur Boulevard
West Bethesda, MD 20817-5700
and
Jerome Carrubba                                :
Individually and in her Official Capacity      :
as security manager of Code 03                 :
Carderock Division Naval Surface Warfare Center
9500 MacArthur Boulevard
West Bethesda, MD 20817-5700      :

and                                            :

Neaclesa Anderson                              :
Individually and in her Official Capacity      :
as general counsel of Code 04                  :
Carderock Division Naval Surface Warfare Center
9500 MacArthur Boulevard

West Bethesda, MD 20817-5700

and                                            :

David Caron                                    :
Individually and in his Official               :
Capacity as Assistant Counsel Code 39          :
Carderock Division Naval Surface Warfare Center
9500 McArthur Boulevard                        :
West Bethesda, MD 20817-5700                   :

                    Defendants

    Please serve:


    Attorney General
    Department of Justice
    10th & Constitution Ave NW
    Washington, DC 20530


    And


    United States Attorney
    36 South Charles Street 4th Flr.
    Baltimore, MD 21201-2692

## COMPLAINT

COMES NOW the Plaintiff, Yuri J. STOYANOV, by representing himself and brings this action against the Defendants, jointly and severally, and alleges as follows:

## JURISDICTION AND VENUE

1.      This is a civil action brought by Dr. Yuri J. Stoyanov to recover damages against the Department of the Navy for violations of his rights under Whistleblower Protection Act ("WPA") of 1989 (Public Law 101-12) 5 U.S.C. 2302(b)(8); the Age Discrimination in Employment act of 1967, 29 U.S.C. 621 et seq. ("ADEA"); Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e et. seq. ("Title VII"); and 5 U.S.C. 2302.  In addition, Plaintiff Dr. Yuri Stoyanov brought this action under the provisions of 42 U.S.C. §1983 to recover damages against individual defendants who acted "under color of law" to deprive Plaintiff of constitutional rights and protections under federal statures.

2.      The actions described herein occurred within the confines of the State of Maryland, and consist of actions within the jurisdiction and venue of the United States District Court pursuant to Federal Rules of Civil Procedure 4 (e) and 4 (i).

3.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367, 28 U.S.C. 1343, and 42 U.S.C. 1983.

4.      Jurisdiction over Dr. Yuri J. Stoyanov's Whistleblower claims is conferred under Whistleblower Protection Act ("WPA") of 1989 (Public Law 101-12). Jurisdiction over Dr. Yuri J. Stoyanov's Title VII claims is conferred by 42 U.S.C. 2000e-5(f)(3);  Jurisdiction over his ADEA

claims is conferred by 29 U.S.C. 626(c)(1). Jurisdiction over individual defendants is conferred by 42 U.S.C. §1983.

5.      Venue is proper in this district pursuant to the general venue stature, 28 U.S.C. 1391, 1331, 1367, 29 U.S.C. 621 et seq., 42 U.S.C. §1983, and under Title VII's special venue statute, 42 U.S.C. 2000e-5(f)(3).

## PARTIES

6.      Plaintiff Dr. Yuri J. Stoyanov was at all material times herein a resident of Fulton, Maryland and employed as Scientist, ND-1310-4, Department of the Navy, Carderock Division, Naval Surface Warfare Center. Code 722, 9500 McArthur Boulevard, West Bethesda, MD 20817-5700.

7.      Plaintiff Dr. Yuri J. Stoyanov is 55 years old and is the United States citizen. Plaintiff Dr. Yuri J. Stoyanov was born in Russia in April 1955.

8.      The Defendant Ray Mabus, Secretary of the United States Navy is sued in his official capacity representing the United States Department of the Navy.

9.      At all times relevant hereto, U.S. Department of the Navy, Carderock Division, Naval Surface Warfare Center has resided at 9500 McArthur Boulevard, West Bethesda, MD 20817-5700 and was in this judicial district.

10.     Defendant Mr. Wayne Weikert appointed and acting as the acting Head of Code 70, Department of the Navy, Carderock Division, Naval Surface Warfare Center, 9500 McArthur Boulevard, West Bethesda, MD 20817-5700, and was acting under color of law, to wit, under the

color of statutes, ordinances, regulations, policies, customs and usages of the United States Navy since May 2006. He is sued individually and in his official capacity.

11.     Defendant Mr. Kevin M. Wilson appointed and acting as the Head of Code 72, Department of the Navy, Carderock Division, Naval Surface Warfare Center, 9500 McArthur Boulevard, West Bethesda, MD 20817-5700, and was acting under color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs and usages of the United.States Navy since October 2002. He is sued individually and in his official capacity.

12.     Defendant Mr. William. Martin was at all times mentioned herein appointed and acting as the Head of Code 722, Department of the Navy, Carderock Division, Naval Surface Warfare Center, 9500 McArthur Boulevard, West Bethesda, MD 20817-5700, and was acting under color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs and usages of the United States Navy since January 2006. He is sued individually and in his official capacity.

13.     Defendant Ms. Neaclesa Anderson was at all times mentioned herein appointed and acting as the agency general Counsel of Code 40, Department of the Navy, Carderock Division, Naval Surface Warfare Center, 9500 McArthur Boulevard, West Bethesda, MD 20817-5700, and was acting under color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs and usages of the United States Navy. She is sued individually and in his official capacity.

14.     Defendant Mr. David Caron was at all times mentioned herein appointed and acting as the agency representative and Assistant Counsel of Code 39, Department of the Navy, Carderock Division, Naval Surface Warfare Center, 9500 McArthur Boulevard, West Bethesda, MD 20817-5700, and was acting under color of law, to wit, under the color of statutes, ordinances, regulations,

policies, customs and usages of the United States Navy. He is sued individually and in his official capacity.

15. Defendant Mr. Jerome Carrubba was at all times mentioned herein appointed and acting as the agency security manager, Department of the Navy, Carderock Division, Naval Surface Warfare Center, 9500 McArthur Boulevard, West Bethesda, MD 20817-5700, and was acting under color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs and usages of the United States Navy. He is sued individually and in his official capacity.

16. Defendant Mr. Chris Meyer appointed and acting as the Head of the Carderock Division, Naval Surface Warfare Center, 9500 McArthur Boulevard, West Bethesda, MD 20817-5700, and was acting under color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs and usages of the United States Navy until June 2009. He is sued individually and in his official capacity.

17. At all times hereto, Department of the Navy, Carderock Division, Naval Surface Warfare Center has been an employer within the meaning of the WPA, Title VII, and ADEA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

18. On or about February 4, 2002, Plaintiff Dr. Yuri J. Stoyanov filed first Equal Employment Opportunity ("EEO") discrimination complaint with the agency because of unlawful discrimination against Plaintiff on account of his national origin and age, Agency Docket Number DON 02-00167-002. Since that time agency officials had escalated intentional discrimination and retaliations against Plaintiff and his brother Dr. Aleksandr Stoyanov the only two Russian born employees in Code 70.

19.     Plaintiff Dr. Yuri J. Stoyanov was forced to file additional EEO complaints of discrimination and retaliations that resulted in claims of intentional discrimination accepted by the agency EEO office.

20.     Department of the Navy failed to properly prosecute, discipline or subject to any sanctions the Defendant officials involved in escalated intentional discrimination and retaliations against Plaintiff and, as a result, officials of the Navy were caused and encouraged to believe that objectively unreasonable, unjustified, and unlawful discrimination on the bases of age and national origin and retaliations for participation in EEO and Whistleblower's activities could be used, and that in fact were permitted by the Secretary of the Navy.

21.     The claims of intentional discrimination and unlawful retaliations against Plaintiff Dr. Yuri J. Stoyanov for participation in protected EEO and Whistleblower's activities had been appealed to the U.S. Merit Systems Protection Board ("MSPB") and investigated by the Office of Complaints Investigation ("OCI") of the Department of Defense.

22.     On September 16, 2003, in the first EEO Commission ("EEOC") hearing Plaintiff had with his brother, the agency was found to intentionally discriminate against his brother in unlawful reprisal for participation in EEO discrimination complaint activity. On April 4, 2005, the EEO Commission Office of Federal Operations ("EEOC-OFO") notified Plaintiff Dr. Yuri J. Stoyanov of his right to file a civil action with regard to the first EEOC case. On June 14, 2005, Plaintiff Dr. Yuri J. Stoyanov timely filed civil action related to the first EEOC case in the United States District Court for the District of Maryland, Case No. RDB-05-1611.

23.    On September 7, 2004, in the second EEOC hearing Plaintiff had with his brother, the agency again was found to intentionally discriminate against his brother in unlawful reprisal for participation in EEO discrimination complaint activity.   On March 2, 2006, the EEOC-OFO notified Plaintiff Dr. Yuri J. Stoyanov of his right to file a civil action with regard to the second EEOC case.  On 17 May 2006. Plaintiff timely filed a civil action related to the second EEOC hearing case in the United States District Court for the District of Maryland, Case No. RDB-06-1244.

24.    Plaintiff Dr. Yuri J. Stoyanov was forced to file additional EEO complaints of discrimination and retaliations that resulted in claims of intentional discrimination accepted by the agency EEO office because Department of the Navy failed to take immediate remedial measures, discipline, or subject to any sanctions the individual Defendants involved in intentional discrimination and retaliations and, as a result, Defendants continued conspiracy to commit violations of laws, fraud, and willfully, negligently, and intentionally discriminated and retaliated against Plaintiff by maliciously denying Plaintiff equal employment opportunities as Defendants committed prohibited personnel actions, created hostile and intolerable working conditions in an attempt to cover-up prior violations of laws, intentional discrimination, retaliations, fraud with promotions, and to cause Plaintiff severe harm, mental anguish and economic damages and losses, including, but not limited to loss of benefits, opportunities for promotion in employment, an appointment and promotion to ND-5 position.

25.    Plaintiff repeatedly disclosed Defendants' violations of laws, fraud, abuse of authority, violations of the Navy policy of zero tolerance to discrimination, intentional discrimination and retaliations against Plaintiff through the chain of Navy command, to Secretary of the Navy and to the

8

U.S. Office of Special Counsel. Plaintiff also repeatedly filed IRA appeals with the Merit Systems Protection Board ("MSPB") and specifically disclosed Defendants' violations of laws, WPA, deceptions, fraud, abuse of authority, prohibited personnel actions, violations of the Navy policy of zero tolerance to discrimination, intentional discrimination and retaliations against Plaintiff that were detailed in Plaintiff's IRA appeals DC-1221-07-0615-W-1, DC-1221-06-0160-W-1 and DC-531D-06-0228-I-1 filed with the MSPB in 2005, 2006, 2007, 2008, 2009 and 2010.

26. As agency representative Defendant Caron colluded and conspired to deceive, obstruct, and deny Plaintiff fair administrative adjudication and as a result, Plaintiff was cheated and denied due administrative procedures and justice on the merits of Plaintiff's claims in the IRA appeals and EEO discrimination complaints. Plaintiff disclosed Defendant Caron's criminal conduct and prohibited conflict of interest and position through the chain of command, the OSC, the EEOC, and the MSPB as Defendant Caron intentionally obstructed justice, deliberately violated WPA laws, suborned agency witnesses and conspired with the agency officials to escalate violations of laws and prohibited personnel actions against the Plaintiff. Department of the Navy officials were aware of the Defendant Caron's criminal conduct and prohibited conflict of interest and position; however, failed to take immediate remedial measures, discipline, or subject to any sanctions Defendant Caron. As a result, Defendant Caron in conspiracy with the individual Defendants further escalated intentional retaliations against Plaintiff in reprisal for participation in Whistleblower's and prior EEO activities.

27. The Defendants conspired to deceive, commit fraud, and willfully and negligently corrupted the administrative processes to harm Plaintiff. Plaintiff was cheated and denied administrative adjudication under various pretexts to cover up the pattern of the Defendants'

violations of laws, fraud, abuse of authority, criminal conduct, violations of the WPA, the Navy policy, and intentional discrimination and retaliations against Plaintiff Dr. Yuri Stoyanov. The EEOC-OFO notified Plaintiff of his right to file a civil action against Ray Mabus, Secretary of the Navy as the U.S. Department of the Navy official agency head. The EEOC-OFO notice with the decision (EEOC Appael No. 0120103039, enclosed) was dated December 20, 2010, which Plaintiff Dr. Yuri J. Stoyanov received on December 24, 2010.

28.    This lawsuit has been timely filed within 90 days of Dr. Yuri Stoyanov's receipt of the EEOC-OFO's right-to-sue notice dated December 20, 2010.

## FACTUAL ALLEGATIONS

29.    Plaintiff Dr. Yuri Stoyanov is 55 years old and was born in Russia in April 1955. He became United States citizen in 1984.

30.    From 1980 to 1986, Dr. Y. Stoyanov was working toward his Ph. D. degree in Physics. Dr. Stoyanov studied advanced physics and worked part-time as Research Associate at the Catholic University of America in Washington DC. In May 1986, Dr. Stoyanov was awarded Doctorate degree in Physics.

31.    From 1986 to 1987, Dr. Y. Stoyanov was Office of Naval Technology Postdoctoral Scientist at the Signatures and Countermeasures Branch of Ship Electromagnetic Signatures Department, Carderock Division Naval Surface Warfare Center.

32.    On September 1, 1987, Dr. Y. Stoyanov began his employment with the Department of the Navy, Carderock Division Naval Surface Warfare Center in the Scientist position at the Radar Frequency (RF) Technology Branch, Code 741 of Ship Electromagnetic Signatures Department.

10

33. At all relevant times Dr. Y. Stoyanov received favorable performance evaluations and performed his job in superb manner receiving performance and service awards for outstanding service and exemplary performance.

34. In or about 1990, vacant position of the Head of Ship Electromagnetic Signatures Department was filled by Defendant Mr. James H. King, who was a Naval Architect and had no advanced knowledge nor experience in ship electromagnetic signatures. Defendant King was born in Philadelphia, Pennsylvania on August 12, 1953 and being with a sick mind died in June 2010.

35. Plaintiff Dr. Y. Stoyanov continuously worked in Ship Electromagnetic Signatures Department later renamed Electromagnetic Signature Technology Department, Code 74. Plaintiff Dr. Y. Stoyanov worked in the same RF Technology Branch, Code 741 together with his twin brother Dr. Aleksandr Stoyanov born in Russia in April 1955.

36. From 1989 to 1995, Mr. M. Sekellick was Plaintiff's first level supervisor; and from 1995 to 2000, Mr. John Davies was Plaintiff's first level supervisor while Defendant King was the second level supervisor.

37. The pattern of continuous discrimination against Plaintiff based on national origin and age became apparent by considering Defendant King's appointment of employees to positions of responsibility and his expressed bias and preference to hire and promote significantly younger persons than his own age. Plaintiff Dr. Y. Stoyanov substantially of the same age as Defendant King.

38. Defendant King's appointment to the second level supervisor had allowed him to abuse his administrative power and, hiding behind first level supervisors, to deliberately and systematically

11

deny Plaintiff equal employment opportunities and promotions. Continued and unwarranted bias and discrimination against Plaintiff overwhelmed Defendant King's judgment.

39.    Defendant King excluded both the Plaintiff and his brother Dr. Aleksandr Stoyanov, the only two Russian born employees in Code 70, from the largest programs in the department 74 such as Guilder Billy Goat, Guilder Babirussa and special access programs as part of continuous discrimination against Plaintiff and his brother because of age and national origin.

40.    Defendant King discriminated against Plaintiff Dr. Y. Stoyanov on April 1, 2000, by appointing significantly younger incompetent Mr. Farley, a junior employee as the acting branch head of the RF Technology branch for the duration of 22 months.

41.    At the time, Defendant King stated that there was paucity of employees in the 26 to 36 year age bracket and he wanted to hire and promote younger employees with enthusiastic energy new employees bring. Defendant King was distressed because he was above average age of 44 — clearly implying that Plaintiff was too old for the Branch Head job.

42.    The appointment of the 29-year-old incompetent Mr. Farley to the acting branch head position in April, 2000 was to deny 45 year-old Plaintiff Dr. Y. Stoyanov promotion on account of continuous discrimination based on age, national origin, and retaliation for opposing discrimination.

43.    Defendant King intentionally violated the civil service laws 5 USC 2302 and 5 USC 2301, the agency regulations, and fraudulently appointed Mr. Farley to the acting Branch Head of Code 741 position for duration of 22 months to discriminate against Plaintiff Dr. Y. Stoyanov. Indeed, Mr. Farley had very little experience in electromagnetic signature technology and never worked in the RF Technology branch Code 741 prior to his appointment, unlike Plaintiff who

12

already established professional standing and gained more than 14 years of experience. Mr. Farley worked in the department as a junior engineer detailed to other organization, and did not posses knowledge nor had experience in the RF Technology. Mr. S. Farley had only BS degree in mechanical engineering since 1991. By contrast, Dr. Y. Stoyanov had advanced Ph. D. degree in physics since 1986, and had been an expert in the radar/electromagnetic and acoustic technologies. The significantly younger Mr. Farley was far less qualified to be the Branch Head of code 741 than was Dr. Y. Stoyanov.

44.    Efforts by Dr. Y. Stoyanov to resolve the unsatisfactory working conditions to which Defendant King subjected Dr. Y. Stoyanov and his brother Dr. A. Stoyanov were unsuccessful and Defendant King in conspiracy with subordinates continued intentional discrimination.

45.    On February 4, 2002, Plaintiff Dr. Y. Stoyanov and his brother Dr. Aleksandr Stoyanov filed first EEO discrimination complaint after Defendant Mr. King committed the most egregious act of intentional discrimination by denying promotion to Plaintiff and promoting significantly younger Mr. Farley with inferior qualifications to the position of permanent Branch Head of Code 741. The egregious discrimination and fraud with promotion were blatant when Mr. King promoted Mr. Farley with far inferior qualifications than Dr. Stoyanov's qualifications.

46.    In April 2002, while Defendant King was the second level supervisor and acting third level supervisor, Defendant King immediately retaliated and by fraud transferred Plaintiff Dr. Yuri Stoyanov from the Ship Electromagnetic Technology department Code 74 to Submarine Acoustics Technology department Code 72 in reprisal for Plaintiff's participation in EEO activity and as part of continuous intentional discrimination on bases of age and national origin.

47.     In April 2002, i.e. one month after Plaintiff filed first formal EEO discrimination complaint with the agency EEO office, Defendants retaliated against Plaintiff for participation in EEO discrimination complaint process and by fraud transferred Plaintiff involuntarily to another technology department from the department 741 where Plaintiff worked for over fifteen years since 1986. Mr. M. Craun became Plaintiff's first level supervisor since May 2002 until October 2003.

48.     After Plaintiff filed EEO discrimination complaint and during the resulting investigation, the pattern of numerous secret fraudulent promotions to ND-5 positions of employees with inferior qualifications than Plaintiff's qualifications was uncovered in Code 70. The secretly and fraudulently promoted employees were as a rule significantly younger than Plaintiff, American-born individuals who did not participate in protected EEO discrimination complaint activities.

49.     Since June 2002, Mr. G. Jebsen became the Head of Code 70 and in conspiracy with subordinates and the agency representative Defendant Mr. D. Caron escalated intentional discrimination against Plaintiff Dr. Y. Stoyanov and his brother Dr. A. Stoyanov in reprisal for participation in prior EEO discrimination complaint activity and Whistleblower's activities and on the bases of national origin and age.

50.     Mr. Jebsen in conspiracy with subordinate management officials and Defendant Caron escalated continuous discrimination and reprisals in order to obstruct and impede official processes and harm Plaintiff. Defendants' were intent to retaliate against Plaintiff Dr. Yuri Stoyanov in reprisal for Plaintiff's participation in Whistleblower's and EEO discrimination complaint activities and continued intentional discrimination on account of Plaintiff's national origin and age. Defendants were intent to continue intentional discrimination and unwilling to resolve egregious discrimination committed by Mr. King as Mr. Jebsen stated on July 29, 2002: "I don't like the sound

of mediation; implies we have some grounds for compromise" in the email to Mr. King responsible for egregious prior discrimination and retaliations against the Plaintiff.

51.    Defendant Caron conspired to commit perjuries, obstructed and corrupted administrative processes and intentionally escalated violations of laws, retaliations and discrimination that was established during Plaintiff's participation in the first and the second EEO Commission hearings. The direct evidence of conspiracy was irrefutably established when Mr. Jebsen instructed his Deputy Mr. Gerald Smith by September 30, 2002 email to escalate discrimination: "It's time to crack down on them [Stoyanovs]…Dave Caron has mentioned it twice now," which undeniably identified Defendants' conspiracy to escalate retaliations and discrimination against the Plaintiff and his brother Dr. Aleksandr Stoyanov. The identified emails clearly established direct evidence of Defendants' conspiracy and intent to continue intentional discrimination and retaliations against Plaintiff and his brother Dr. Aleksandr Stoyanov.

52.    In October 2003, i.e. one month after the EEOC found that agency officials committed intentional discrimination against Plaintiff's brother, Mr. Jebsen in conspiracy with his subordinates retaliated and removed Plaintiff's brother Dr. Aleksandr Stoyanov from the Scientist position on fabricated charges and by fraud transferred Plaintiff involuntarily to another technology department to escalate intentional retaliations and to intimidate Plaintiff from asserting his rights against unlawful and prohibited personnel actions, discrimination, and retaliations.

53.    As a part of continuous pattern of discrimination and retaliations against Plaintiff on bases of age, national origin, and in reprisal for participation in prior Whistleblowing and EEO discrimination complaint activities, Defendants denied Plaintiff promotions, positions of higher responsibility, and employment opportunities leading to promotions, aggravated harassment and

15

created intolerable working conditions. Defendants conspired to deny Plaintiff assignments to work on department largest programs such as Guilder Billy Goat, Guilder Babirussa and special access projects because of the Plaintiff's national origin and age. Plaintiff was denied assignments to work on special access projects in spite of his superior qualifications, Top Secret security clearance, and experience working in Code 70 for more than 16 years.

54. Defendants were intent to continue discrimination against Plaintiff and in fact intentionally denied Plaintiff promotions, assignments to ND-5 position, incentive pay Demo points, aggravated harassment and created intolerable working conditions in reprisal for Plaintiff's participation in Whistleblower's and EEO activities as part of continuous discrimination on account of age and national origin.

55. Defendants conspired to escalate violations of laws, discrimination and imposed discriminatory restrictions and requirements against Plaintiff in order to obstruct and impede official process and to aggravate harassment against Plaintiff to retaliate and to impose disciplinary actions against Plaintiff in an attempt to obfuscate prior egregious violations of EEO Commission regulations, WPA, and Federal laws.

56. As part of continuous pattern of discrimination on bases of age, national origin, and in reprisal for participation in EEO and Whistleblower's activities, Defendants intentionally discriminated against Plaintiff while individuals with inferior qualifications (Mr. Wilson, Mr. Martin, Mr. Wiersteiner, Mr. Monkevich, Mr. Schildt, Mr. R. Green, Mr. J. Hellmann, Mr. J. Wojno, Mr. Drew Meyer, Ms. Aisha Jenkins, Ms. Beer, Mr. Vignali) were fraudulently assigned and promoted to ND-5 positions. These prior promotions clearly established the pattern and practice of intentional discrimination against Plaintiff on bases of age, national origin, and in reprisal for

16

Plaintiff's participation in prior EEO and Whistleblower's activities as Defendant King in conspiracy with subordinates fraudulently promoted Mr. S. Farley, Mr. G. Miller, Mr. W. Stephens, Mr. D. Vinh, Mr. S. Russell, Mr. J. Young, Ms. Vanderveer, Mr. Crock, Ms. Nalchajian, Mr. R. Renfro, Mr. W. Nichols, Mr. K. Wilson, Mr. W. Martin and others who were promoted fraudulently by manipulating selection process or without any vacancy announcement to deny Plaintiff promotion and to cover up intentional discrimination against Plaintiff.

57.    The pattern of desperate treatment, continuous discrimination and deliberate retaliations against the Plaintiff was established when Plaintiff was denied promotions to ND-5 (GS-14 and GS-15) positions of higher responsibility as part of continuous discrimination on bases of age, national origin, and in reprisal for participation in Whistleblower's and EEO activity.  Defendants conspired to discriminate and retaliate against the Plaintiff by denying Plaintiff numerous promotions, creating intolerable hostile working condition, and violating Plaintiff's rights.

58.    Plaintiff has filed specific EEO discrimination claims with the agency EEO office since February 2002 as related to the discrimination and escalation of retaliations against Plaintiff.  The EEOC Administrative Judge twice found that agency committed intentional discrimination in two separate hearings in 2003 and 2004.  In 2005 and 2006, Plaintiff also filed Individual Right of Action ("IRA") appeals with the MSPB because Defendants committed prohibited personnel actions and intentional discrimination and retaliations against Plaintiff. Nevertheless, Defendants had continued violations of laws, deceptions, fraud, and intentional discrimination to deny Plaintiff promotion, and conspired to obstruct, impede, and interfere with a term, condition, or privilege of Plaintiff's employment to harm Plaintiff in addition to retaliations and discrimination against Plaintiff for participations in prior EEO and Whistleblower's activities to deprive Plaintiff of his

17

clearly established statutory and constitutional rights. These claims are part of the civil action cases in the US District Courts; See *Stoyanov v. Winter, et al.*, Civil Action Nos. RDB-05-1611, RDB-06-1244, and RDB-07-1764 filed on July 7, 2007, RDB-07-1863 filed on July 16, 2007, RDB-07-1953, RDB-07-1985, AMD-08-1834 filed on July 14, 2008, AMD-09-3479 filed on December 30, 2009 and incorporated here by reference as if fully set forth herein.

59. In May 2006, Mr. King was rewarded with promotion and became Plaintiff's third level supervisor instead of being subjected to disciplinary measures for violations of laws and found intentional discrimination in the first and second EEOC cases. Mr. King assigned Defendant Wilson as Plaintiff's second level supervisor after being secretly and fraudulently promoted; and Mr. Mayo was assigned as Plaintiff's first level supervisor after Mr. King secretly and fraudulently promoted Mr. Mayo. Mr. King in conspiracy with Defendant Caron intentionally and maliciously escalated violations of laws and continuous discrimination and retaliations against Plaintiff, created intolerable working conditions, aggravated harassment, and subjected Plaintiff to additional prohibited personnel actions.

60. In February 2007 Defendants fabricated baseless accusations and by fraud suspended Plaintiff's security clearance and from work. To cover-up violations of laws, abuse of authority, gross mismanagement, fraud, abuse of the interests of national security, Defendants intentionally violated agency due process and Plaintiff's rights, intentionally denied documents to respond reasonably and properly to vague accusations, to rebut baseless accusations in the letter of intent to suspend security clearance and to issue the indefinite suspension of security clearance by fraud and to suspend Plaintiff from work for 15 months. After Plaintiff appealed to the Defense Office of Hearing and Appeals (DOHA) on the merits of unlawful security clearance suspension and disclosed

violations of laws, fraud, abuse of authority and abuse of the interests of national security the Office of Chief of Naval Operations Personal Security Appeal Board rejected the 2007 fabricated accusations and on April 10, 2008 issued decision directing Department of the Navy Central Adjudication Facility (DONCAF) to reinstate Plaintiff's security clearance and assignment to sensitive position. On April 30, 2008, Plaintiff was notified that effective April 27, 2008 the indefinite suspension was terminated and Plaintiff was reinstated to work and ordered to return to work duties starting May 5, 2008. However, Defendant Caron in conspiracy with Mr. King and his subordinate Defendant Weikert and others escalated retaliations after Plaintiff returned to work duties and denied Plaintiff full reinstatement to Plaintiff's position in addition to the following prohibited personnel actions: 1) Plaintiff's work schedule was changed effective May 5, 2008; 2) on 5/5/08 Plaintiff was threatened with the transfer to another technology division and effective July 8, 2008 had been transferred involuntarily and by fraud; 3) on 5/5/08 Plaintiff was threatened with disciplinary action and issued letter of proposed two weeks suspension without pay on the same fabricated charges, which were already rejected by DOHA and on 6/23/08, Plaintiff was issued the Decision on Proposed Suspension and effective 6/24/08 suspended by fraud for two weeks Without pay until July 8, 2008; 4) since 7/8/08 Plaintiff was ordered to change work station and moved from the office to a closet without air/condition and temperature control; 5) Plaintiff's position and work responsibilities were changed; 6) since 11/7/08 DEMO position description was changed and discriminatory requirement was inserted; 7) Since May 5, 2008, Plaintiff was denied promotion; 8) Plaintiff was denied incentive pay and in-grade promotion; 9) discriminatory requirements and restrictions were maliciously imposed only against Plaintiff since May 2008; 10) Plaintiff was placed in a closet and denied key to the door so Defendants could conduct secret tampering with assigned to Plaintiff government equipment: computers and memory sticks to fabricate baseless accusations against Plaintiff while Plaintiff was not in the closet; 11) on September 11, 2008, Plaintiff caught King's subordinates Defendants Wilson and Martin in

the closet secretly conducting tampering with assigned to Plaintiff government equipment, 12) Plaintiff's security report of 9/11/08 to EEO Chief and Commander Thomas with disclosures of tempering and violations and requests to stop secret tampering was ignored and secret tampering continued to a higher level of tampering and intrusion into assigned equipment while Plaintiff was not in the closet, 13) since October 15, 2008 when Plaintiff came to work in the morning Plaintiff noticed on the screen of Plaintiff's government computer displayed event notification warning about the intrusion into computer chases, 14) Defendants continued secret tampering to fabricate against Plaintiff baseless accusations; 15) since 2/10/09 Defendants by fraud suspended Plaintiff from work on fabricated baseless accusations, 16) intentionally denied due process, denied agency documents and extension of time to rebut baseless accusations fabricated in the 2/10/09 notice of intent to suspend security clearance, 17) issued fraudulent decision of 2/18/09 with the notice of indefinite suspension of security clearance, 18) denied due process, denied agency documents and extension of time to rebut baseless accusations in the 2/18/09 notice; 19) Defendants intentionally abused Naval Criminal Investigative Service (NCIS) to find a pretext for suspension and removal, however after six months the NCIS investigation was closed in February 2009 because fabricated accusations were baseless; 19) Defendants fabricated additional accusations in the June 19, 2009 notice of proposed removal while Plaintiff was already suspended from work with full pay since 2/10/09, 20) Defendants continued to impede and obstruct justice and denied agency documents to respond to fabricated baseless accusations in the 6/19/09 notice, 21) after the NCIS rejected additional baseless accusations in the 6/19/09 notice of proposed removal and closed the NCIS investigation for the second time early in October 2009, 22) Mr. King issued the 10/21/09 notice of proposed indefinite suspension from work without pay, however no decision was made on the 10/21/09 notice because of Mr. King's sick mind as Mr. King was dying in an attempt to remove by fraud Plaintiff and to deny Plaintiff due process to appeal unlawful security clearance suspension to the DOHA by denying Plaintiff Leave Without Pay until DONCAF final security clearance determination; 23) in February 2010, Mr. King was gravely sick and no longer able to work and assigned his deputy Defendant Weikert to

20

issue the 2/23/10 letter with additional baseless accusations in response to the Appellant's 8/14/09 reply to the 6/19/09 notice of removal, then 24) Defendant Weikert denied Appellant's 2/25/10 requests for documents and extension of time to respond to additional baseless accusations, intentionally denied due process, denied agency documents, denied extension of time, and 25) issued the March 25, 2010 decision on removal on fabricated baseless accusations prior to Mr. King's death.

61.     The instant civil action encompasses the EEO discrimination claims identified in the formal EEO discrimination complaints DON 10-00167-01954, the Fifty-third Formal EEO Discrimination Complaint dated 14 July 2010.

62.     Defendant Weikert in conspiracy with subordinates and Defendant Caron deliberately escalated intentional violations of laws, discrimination and reprisals in order to obstruct and impede official process and subject Plaintiff to severe pain, suffering, and economic damages by maliciously abusing administrative power, committing fraud and negligent misrepresentations, aiding and abetting in violation of civil rights, Federal laws, and Plaintiff's constitutional rights.

63.     Plaintiff made nonfrivolous allegations and engaged in Whistleblower's activity by making protected disclosures to persons who were in a position to act to remedy wrongdoing, through the chain of Navy command, Secretary of the Navy, Inspector General, U.S. Office of Special Counsel ("OSC"), Defense Office of Hearing and Appeals (DOHA), Personnel Security Appeals Board (PSAB) and identified specific prohibited personnel actions the agency took or failed to take as defined by 5 U.S.C. § 2302.

64.     Plaintiff disclosed agency officials' prohibited personnel actions and decisions clearly violating Whistleblower Protection Act, *5 U.S.C 2302(b)(8)(A)(i)* in reprisal for Plaintiff's protected Whistleblower's activities by disclosing the individual Defendants' violations of laws, the Navy

policy, rules, regulations, and deliberate misrepresentations, deceptions, fraud, conspiracy, corruption, and abuse of authority through the chain of Navy command including Capt. Meyer, RADM Shannon, VADM McCoy, ADM Roughead, and Defendant Mabus with authority who were in a position to act and to remedy such violations and implement corrective actions.

65.    The Secretary of the Navy and the agency administration were well aware about individual Defendants violations of laws, the Navy policy, prohibited personnel practice, intentional discrimination, aggravated harassment, hostile work environment, and retaliations against Plaintiff; however, the agency administration failed to respond immediately and appropriately with remedial actions.  As the result of failures to implement remedial measures, Defendants continued intentional discrimination and retaliations and deliberately inflicted emotional distress, economic damages, and deprived Plaintiff of constitutional rights and rights as set in the civil service laws including 5 U.S.C. §7513, 5 U.S.C. 2302 and 5 U.S.C. 2301 that forbid personnel actions based on the prohibited personnel practices and require that federal personnel management be implemented consistent with the merit system principle.

66.    On 27 August 2009, Plaintiff sent email to Defendant C. Meyer, EEO Chief and Commander of the Carderock Division with the Subject: Request to update on the status of DONCAF determination of unlawful security clearance suspension since 2/10/09, to implement the Navy policy, end violations of Whistleblower's Protection Act (WPA) and abuse of the Interests of National Security, and to recall Plaintiff to work immediately or approve Plaintiff's Request for Leave Without Pay.  Defendant Meyer failed to take remedial actions and to implement the Navy policy immediately.

22

67.    On January 5, 2010, Plaintiff sent email to Defendant Ms. N. Anderson, Counsel of the Carderock Division with the Subject: Request to remove Mr. D. Caron from agency representative position, because of the Defendant Caron's criminal conduct, violations of laws, and prohibited conflict of interest and position.  Defendant Anderson failed to take immediate remedial measures and violated state, federal laws and the Navy policy by refusing to remove Defendant Caron from the agency representative position. As a result, Plaintiff suffered economic damages and injury that is irreparable in nature.

68.    On 2 March 2010, Plaintiff sent email to Defendant Meyer with the Subject: Mr. Weikert's March 1, 2010, February 23, 2010 letters and my Request for two weeks of extension of time and for the copies of all agency documents to properly respond to the allegations in the notice of proposed removal, and request for Leave Without Pay effective February 24, 2010 until final security clearance determination by DONCAF or recall to work immediately. Defendant Meyer again failed to take remedial actions and to implement the Navy policy immediately.

69.    On March 2, 2010, Plaintiff sent email to Rear Admiral Shannon, EEO Chief and Commander of the Naval Surface Warfare Center with the Subject: Disclosure of violations at the Carderock Division, request to enforce the Navy policy and stop violations of laws, rules, regulations, deliberate misrepresentations, fraud, conspiracy, corruption, and the cover-up of discrimination and retaliations against Plaintiff.  Rear Admiral Shannon also failed to take remedial actions and to implement the Navy policy.

70.    On March 3, 2010, Plaintiff sent email to Vice Admiral McCoy, EEO Chief and Commander of the Naval Sea System Command with the request to enforce the Navy policy and stop violations of laws, rules, regulations, deliberate misrepresentations, fraud, conspiracy,

corruption, and the cover-up of discrimination and retaliations against Plaintiff. Vice Admiral McCoy also failed to take remedial actions and to implement the Navy policy.

71.    On March 3, 2010, Plaintiff sent email to Mr. R. Mabus, the Secretary of the Navy, with Subject: Second Response to the June 19, 2009 notice of proposed removal fabricated by Defendant J. King with his subordinates and the agency representative Defendant. Caron; with the request to enforce the Navy policy and stop violations of laws, rules, regulations, deliberate misrepresentations, fraud, conspiracy, corruption, and the cover-up of discrimination and retaliations against Plaintiff, request to correct the present situation and reject the June 19, 2009 notice of proposed removal, to take proper remedial measures to prevent further abuses. Defendant R. Mabus failed to take remedial actions and to implement the Navy policy. As a result, Plaintiff suffered economic damages and injury that is irreparable in nature.

72.    On March 29, 2010, Plaintiff sent email to Defendant R. Mabus, the Secretary of the Navy, with Subject: Disclosures of violations of laws, abuse of authority, abuse of the Interests of National Security at Carderock Division of NSWC and urgent request to rescind 2/25/10 decision committed by King's deputy Weikert with Caron on fabricated baseless accusations in reprisal to my disclosures to the Secretary of Navy faxed in March 3, 2010 Second Response to the June 19, 2009 notice of proposed removal fabricated by Mr. J. King with his subordinates and the agency representative Mr. Caron. Defendant Mabus failed to take remedial actions and to implement the Navy policy. As a result, Plaintiff suffered economic damages and injury that is irreparable in nature.

73.    On March 29, 2010, Plaintiff sent email to Defendant Carrubba, the security manager, with Subject: Request to release Investigative File to Respond timely and reasonably to the Letter of Intent to Revoke Eligibility for Security Clearance and Assignment to a Sensitive Position, 5520 Ser

001WJ01W dated 28 Jan 2010 by DONCAF and letter by Mr. J. Carrubba as 5520 ser 39/057, dated 17 February 2010, that I received on 1 March. Defendant Carrubba failed to take remedial actions, violated agency due process, and Plaintiff suffered economic damages and injury that is irreparable in nature.

74.     On March 30, 2010, Plaintiff made disclosures to the US Office of Special Counsel and in April 2010 to Defendant Mayer, RADM Shannon, VADM McCoy, ADM Roughead, and Defendant Mabus failed to take remedial actions and to implement the Navy policy and agency due process. As a result, Plaintiff suffered economic damages and injury that is irreparable in nature.

75.     On April 19, 2010, Plaintiff also sent email to the Secretary of the Defense with the Subject: Disclosures of violations in the Navy. Plaintiff made disclosures of violations within the Navy to the Secretary of Defense R. Gates who failed to take remedial actions and to implement the Navy policy and agency due process.

76.     Plaintiff filed 53-rd formal EEO discrimination complaint with the agency EEO office. Defendants by fraud intentionally dismissed the 53-rd formal EEO discrimination complaint and the EEO discrimination complaint was not investigated; Plaintiff filed appeal with the EEOC Office of Federal Operations, which issued decision of December 20, 2010 granting the right to sue Defendants in the US Federal District Court. On January 25, 2007, Plaintiff also made additional disclosures to the US Office of Special Counsel as Response to 1/23/07 email with regard to the OSC File N0. MA-07-0785.

77.     Defendant Meyer, his superiors (Admiral Shannon, McCoy, Roughead, the Secretary of the Navy), subordinates (Defendant King, Defendant Wilson, Defendant Martin, Defendant

Anderson, Defendant Carrubba and Defendant Caron) were well aware about unlawful discrimination, aggravated harassment, hostile work environment, prohibited personnel practice, abuse of the interests of national security, violations of laws, WPA, abuse of authority, gross mismanagement and intentional retaliations against Plaintiff; however, Defendants failed to take immediate remedial measures and entered into an understanding or agreement, expressed or tacit, to participate in a common scheme, plan or design under the color of Federal laws to deprive Plaintiff of his constitutional and statutory rights and to inflict additional harm by deliberate misrepresentations, deceptions, fraud, and abuse of the interests of national security to retaliate and to remove Plaintiff from work in violations of laws, 5 U.S.C. 2302, and Plaintiff's rights.

78.    As part of the pattern of intentional discrimination, retaliations, deceptions, fraud, negligent misrepresentations, and prohibited personnel actions against Plaintiff, Defendants continued to maliciously interfere with a term, condition, or privilege of Plaintiff's employment. Defendants escalated retaliations, violations of laws, violations of the WPA, abused authority and committed additional prohibited personnel actions maliciously interfering with a term, condition, or privilege of Plaintiff's employment in reckless disregard for Plaintiff's rights and discriminated against Plaintiff as part of continuous pattern of intentional discrimination and retaliations for Plaintiff's participation in prior EEO and Whistleblower's activities. The list of claims included in the formal EEO discrimination complaints (DON 10-00167-01954) relate to the Defendants' intentional violations of Plaintiff's rights, tangible employment actions, and materially adverse employment actions as identified below:

**Claim # 1:** On March 25, 2010, agency officials Mr. King with his deputy Mr. Weikert, Mr. Wilson, Mr. Martin, Mr. Meyer, Mr. D. Caron and Ms. M. Anderson discriminated, and retaliated against Dr. Stoyanov/Complainant by issuing the Decision of removal on fabricated baseless accusations in

reprisal for participation in protected activities and disclosures to the OSC, the chain of Navy command and filing of additional EEO discrimination Complaint with new claims of intentional discrimination on March 16, 2010 after the Secretary of the Navy failed to take remedial measures and respond to Dr. Stoyanov's urgent disclosures to stop violations of laws and to order Captain Meyer to approve Complainant's request for LWOP, to provide agency documents related to the 2009 notices and the 2/23/10 Weikert's letter, and end escalation of crimes and violations of the Complainant's rights as part of continued intentional discrimination on bases of national origin (born in Russia), age (54), and reprisal for Dr. Stoyanov's participation in protected EEO and Whistleblowing activities.

**Claim # 2:** In March 2010 Capt. C. Meyer escalated intentional discrimination and retaliations when he intentionally denied Complainant Dr. Stoyanov's Requests to rescind the March 2010 Decision of Removal, to recall to work or approve Leave Without Pay effective February 24, 2010 until final clearance determination by the Department of the Navy Central Adjudication Facility (DONCAF) and failed to approve Application for Leave (form SF 71) in reprisal for my participation in protected EEO and Whistleblowing activities and as part of continuous intentional discrimination on bases of national origin (born in Russia) and age 54 (DOB 4/7/55).

**Claim # 3:** In March/April 2010 RADM Shannon escalated intentional discrimination and retaliations intentionally denied Complainant Dr. Stoyanov's Requests to rescind the March 2010 Decision of Removal, to recall to work or approve Leave Without Pay effective February 24, 2010 until final clearance determination by the Department of the Navy Central Adjudication Facility (DONCAF) and failed to approve Application for Leave (form SF 71) in reprisal for my participation in EEO and Whistleblowing activities and as part of continuous intentional discrimination on bases of national origin (born in Russia) and age 54 (DOB 4/7/55)

**Claim # 4:** In April 2010 VADM McCoy escalated intentional discrimination and retaliations intentionally denied Complainant Dr. Stoyanov's Requests to rescind the March 2010 Decision of Removal, to recall to work or approve Leave Without Pay effective February 24, 2010 until final clearance determination by the Department of the Navy Central Adjudication Facility (DONCAF) and failed to approve Application for Leave (form SF 71) in reprisal for my participation in EEO and Whistleblowing activities and as part of continuous intentional discrimination on bases of national origin (born in Russia) and age 54 (DOB 4/7/55)

**Claim # 5:** In April 2010 ADM Roughead escalated intentional discrimination and retaliations intentionally denied Complainant Dr. Stoyanov's Requests to rescind the March 2010 Decision of Removal, to recall to work or approve Leave Without Pay effective February 24, 2010 until final clearance determination by the Department of the Navy Central Adjudication Facility (DONCAF) and failed to approve Application for Leave (form SF 71) in reprisal for my participation in EEO and Whistleblowing activities and as part of continuous intentional discrimination on bases of national origin (born in Russia) and age 54 (DOB 4/7/55)

**Claim # 6:** In March/April 2010 Mr. R. Mabus escalated intentional discrimination and retaliations intentionally denied Complainant Dr. Stoyanov's Requests to rescind the March 2010 Decision of

Removal, to recall to work or approve Leave Without Pay effective February 24, 2010 until final clearance determination by the Department of the Navy Central Adjudication Facility (DONCAF) and failed to approve Application for Leave (form SF 71) in reprisal for my participation in EEO and Whistleblowing activities and as part of continuous intentional discrimination on bases of national origin (born in Russia) and age 54 (DOB 4/7/55).

**Claim # 7:** In March/April 2010 Dr. R. Gates escalated intentional discrimination and retaliations intentionally denied Complainant Dr. Stoyanov's Requests to rescind the March 2010 Decision of Removal, to recall to work or approve Leave Without Pay effective February 24, 2010 until final clearance determination by the Department of the Navy Central Adjudication Facility (DONCAF) and failed to approve Application for Leave (form SF 71) in reprisal for my participation in EEO and Whistleblowing activities and as part of continuous intentional discrimination on bases of national origin (born in Russia) and age 54 (DOB 4/7/55).

**Claim # 8:** In March and April 2010 Mr. Carrubba escalated intentional discrimination and retaliations against Complainant for participation in EEO and Whistleblowing activities and as part of continuous intentional discrimination on bases of national origin (born in Russia) and age 55 (DOB 4/7/55) when Mr. Carrubba by deceiving, maliciously lying, and deliberate misrepresentations denied Complainant Dr. Stoyanov's Request to release Investigative File to Respond timely and reasonably to the Letter of Intent to Revoke Eligibility for Security Clearance and Assignment to a Sensitive Position, 5520 Ser 001WJ01W dated 28 Jan 2010 by DONCAF and letter 5520 ser 39/057 by Mr. J. Carrubba dated 17 February 2010, that Dr. Stoyanov received on 1 March 2010. See Dr. Stoyanov's March 1 through 29, 2010 letters, and April 5, 2010 letter

**Claim # 9:** In April 2010 Capt. C. Meyer escalated intentional discrimination and retaliations against Complainant for participation in EEO and Whistleblowing activities and as part of continuous intentional discrimination on bases of national origin (born in Russia) and age 55 (DOB 4/7/55) when Capt. C. Meyer intentionally denied Complainant Dr. Stoyanov's Request to release Investigative File to Respond timely and reasonably to the Letter of Intent to Revoke Eligibility for Security Clearance and Assignment to a Sensitive Position, 5520 Ser 001WJ01W dated 28 Jan 2010 by DONCAF and letter 5520 ser 39/057 dated 17 February 2010 singed by Mr. J. Carrubba that Complainant received on 1 March 2010.

**Claim # 10:** In April 2010 RADM Shannon escalated intentional discrimination and retaliations against Complainant for participation in EEO and Whistleblowing activities and as part of continuous intentional discrimination on bases of national origin (born in Russia) and age 55 (DOB 4/7/55) when RADM Shannon denied Complainant Dr. Stoyanov's Request to release Investigative File to Respond timely and reasonably to the Letter of Intent to Revoke Eligibility for Security Clearance and Assignment to a Sensitive Position, 5520 Ser 001WJ01W dated 28 Jan 2010 by DONCAF and letter 5520 ser 39/057 dated 17 February 2010 singed by Mr. J. Carrubba that Complainant received on 1 March 2010.

**Claim # 11:** In April 2010 VADM McCoy escalated intentional discrimination and retaliations against Complainant for participation in EEO and Whistleblowing activities and as part of

continuous intentional discrimination on bases of national origin (born in Russia) and age 55 (DOB 4/7/55) when VADM McCoy denied Complainant Dr. Stoyanov's Request to release Investigative File to Respond timely and reasonably to the Letter of Intent to Revoke Eligibility for Security Clearance and Assignment to a Sensitive Position, 5520 Ser 001WJ01W dated 28 Jan 2010 by DONCAF and letter 5520 ser 39/057 dated 17 February 2010 singed by Mr. J. Carrubba that Complainant received on 1 March 2010.

**Claim # 12:** In April 2010 ADM Roughead escalated intentional discrimination and retaliations against Complainant for participation in EEO and Whistleblowing activities and as part of continuous intentional discrimination on bases of national origin (born in Russia) and age 55 (DOB 4/7/55) when ADM Roughead denied Complainant Dr. Stoyanov's Request to release Investigative File to Respond timely and reasonably to the Letter of Intent to Revoke Eligibility for Security Clearance and Assignment to a Sensitive Position, 5520 Ser 001WJ01W dated 28 Jan 2010 by DONCAF and letter 5520 ser 39/057 dated 17 February 2010 singed by Mr. J. Carrubba that Complainant received on 1 March 2010.

**Claim # 13:** In March 2010, Mr. Jon Etxegoien in conspiracy with others escalated discrimination and retaliations to promote Andrew Silver with inferior qualifications by denying selection, assignment, and promotion to ND-5 Engineer position VA # NE9-ND0871-05-4G445643-C, in reprisal for Dr. Stoyanov's participation in EEO and Whistleblowing activities and as part of continuous intentional discrimination on bases of national origin (born in Russia) and age 54 (DOB 4/7/55).

**Claim # 14:** In April 2010, Mr. King in conspiracy with others escalated discrimination and retaliations by denying selection, assignment, and promotion to ND-5 Program Manager position VA # NE8-NDXXXX-05-4G993658-C, in reprisal for Dr. Stoyanov's participation in EEO and Whistleblowing activities and as part of continuous intentional discrimination on bases of national origin (born in Russia) and age 55 (DOB 4/7/55).

**Claim # 15:** In April 2010, Mr. Mr. DeNale escalated discrimination and retaliations by denying selection, assignment, and promotion to ND-5 Engineer position VA # NE0-NDxxxx-05-4G532368-IN, in reprisal for Dr. Stoyanov's participation in EEO and Whistleblowing activities and as part of continuous intentional discrimination on bases of national origin (born in Russia) and age 55 (DOB 4/7/55).

79.  Defendant Weikert and his co-conspirators Defendant Meyer, Defendant Caron, Defendant Wilson, Defendant Martin, Defendant Anderson, Defendant Carrubba, and others maliciously and intentionally escalated retaliations and discrimination against Plaintiff and made material misrepresentations to intentionally obstruct, impede, and deny fair official process in order to severely harm Plaintiff and obfuscate prior egregious violations of Federal laws and Plaintiff's

constitutional and statutory rights. Defendant Wekert, Meyer, Defendant Caron, Defendant Wilson, Defendant Martin, Defendant Anderson, Defendant Carrubba, and others conspired to violate Plaintiff's rights and deliberately denied Plaintiff due process and rights guaranteed under the Federal laws as Defendants maliciously abused administrative power, committed fraud, deceptions, and negligent misrepresentations intentionally aiding and abetting in violation of civil rights and Federal laws to intentionally inflict emotional distress, economic damages, and retaliate against Plaintiff for participation in protected EEO and Whistleblower's activities. Defendants deliberately deprived Plaintiff of constitutional rights and rights as set in the civil service laws 5 USC 2302 and 5 USC 2301.

80.    The Secretary of the Navy and the agency administration were well aware about intentional discrimination, aggravated harassment and retaliations, however failed to respond immediately and appropriately in the callous disregard of basic norm and Plaintiff's rights.

81.    Plaintiff Dr. Yuri Stoyanov has suffered and continues to suffer severe economic damages including substantial loss of earnings to which he otherwise would have been entitled. This also includes, but not limited to the loss of salary, incentive pay increases, pension allowances and promotion.

82.    Plaintiff Dr. Yuri Stoyanov was harmed and has suffered severe emotional distress, economic damages, damages to his reputation and his career as a direct and proximate cause of Defendants' malicious abuse of administrative power, fraud and willful misrepresentations, violations of civil rights, Federal laws, and prohibited personnel practices against Plaintiff in reprisal for prior EEO and Whistleblower's activities. Dr. Yuri Stoyanov has experienced severe physical pain and suffering, mental anguish, and the loss of enjoyment of life's pleasures.

30

83.     Individual Defendants and department of the Navy officials acted willfully and in reckless disregard of Dr. Yuri Stoyanov's rights under the Whistleblower Protection Act. By the actions described above, Defendants deprived the Plaintiff Dr. Yuri Stoyanov of his constitutional rights and rights clearly established and well-settled Federal laws including the civil service laws as set in 5 USC 2302 that forbid personnel actions based on the prohibited personnel practices and the civil service laws as set in 5 USC 2301 requiring that federal personnel management be implemented consistent with the merit system principle.

84.     For more than 20 years Plaintiff had acceptable performance and outstanding achievements that were deliberately and maliciously maligned by Defendants' deceptions, fraud, willful misrepresentations, interference with a term, condition, or privilege of Plaintiff's employment and baseless accusations in violations of Plaintiff's constitutional rights, the Navy policy, and Federal laws.

85.     Defendants expressly or implicitly agreed to participate in violations of Plaintiff's rights, Federal regulations and the civil service laws as set in 5 USC 2302 that forbid personnel actions based on the following prohibited personnel practices: 1) Taking or failing to take, or threatening to take or fail to take, a personnel action because of exercising an appeal complaint or grievance right. Defendants also violated civil service law (5 U.S.C. 2301) requiring that federal personnel management be implemented consistent with the merit system principle stating in part that employees should be protected against arbitrary action, personal favoritism, and reprisal for the lawful disclosure of information which the employee reasonably believes. In addition, Defendants expressly or implicitly agreed to participate in violations of the ADEA 29 U.S.C. 621 et seq., and Title VII 42 U.S.C. 2000e et. seq., and Defendants subjected Plaintiff Dr. Yuri Stoyanov to these

31

deprivations of his rights maliciously, intentionally, vindictively or with a reckless disregard for Plaintiff's rights as Defendants conspired in aiding and abetting the unlawful discriminatory polices or practices, obstructing and impeding official processes, using fraud, deceit, interference with a term, condition, or privilege of Plaintiff's employment to harm Plaintiff in addition to intentional misrepresentations in willful and reckless disregard for the Plaintiff's rights in order to inflict severe emotional distress, create most onerous and hostile working conditions and prolong emotional frustration, escalate aggravation and mental pain, ongoing severe anxiety, harm, economic damages, physical pain and suffering the Plaintiff had to endure.

## STATEMENT OF CLAIMS

## COUNT 1. VIOLATIONS OF THE WHISTLEBLOWER PROTECTION ACT OF 1989 (PUBLIC LAW 101-12)

86.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 85 above as if fully set forth herein.

87.    Agency officials escalated violations of laws and committed prohibited personnel actions unlawfully denying Plaintiff Dr. Stoyanov promotion in employment, an appointment, a reinstatement, a restoration, and employment with the Navy on account of his Whistleblower's activities and thereby violated the Whistleblower Protection Act of 1989 (Public Law 101-12).

88.    Defendant Caron in conspiracy with Defendant Meyer and Mr. King with subordinates Defendant Wilson and Defendant Martin subjected the Plaintiff Dr. Yuri Stoyanov to these deprivations of his rights maliciously, intentionally or negligently with a reckless disregard for Plaintiff's rights.

32

89.    As a direct and proximate result of the Defendant's willful violations of the Whistleblower Protection Act of 1989 (Public Law 101-12), Plaintiff suffered economic damages and losses, including, but not limited to loss of income, promotion, and opportunities for promotion, discouragement, embarrassment, emotional distress, severe anxiety, stress, and frustration, physical injury, indignity and reduced quality of life.  Plaintiff is threatened with further injury that is irreparable in nature.

## COUNT 2. VIOLATION OF THE ADEA

90.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 89 above as if fully set forth herein.

91.    Defendants intentionally interfered with a term, condition, or privilege of Plaintiff's employment, denied to Plaintiff promotion and equal employment opportunities on account of his age and thereby violated his right to equal employment opportunity as protected by the ADEA.

92.    The Department of the Navy was aware of repeated incidents of Defendants' willful violations of the ADEA, but the Secretary of the Navy and Defendant Meyer failed to properly prosecute, discipline or subject to any sanctions the individual Defendants involved in illegal discrimination and reckless disregard for Plaintiff's rights.

93.    As a direct and proximate result of the Defendants' discrimination and willful violations of the ADEA, Plaintiff suffered economic damages and losses, including, but not limited to loss of income, promotion, and opportunities for promotion, discouragement, embarrassment, emotional distress, severe anxiety, stress, and frustration, physical injury, indignity and reduced quality of life. Plaintiff is threatened with further injury that is irreparable in nature.

## COUNT 3. VIOLATION OF TITLE VII (REPRISAL)

94.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 93 above as if fully set forth herein.

95.    Defendants intentionally interfered with a term, condition, or privilege of Plaintiff's employment, denied to Plaintiff Dr. Stoyanov promotion, committed prohibited personnel actions, and created hostile and intolerable working conditions in reprisal for participation in prior EEO discrimination complaint activity and thereby violated his right to equal employment opportunity as protected by Title VII.

96.    Defendants conspired to subject the Plaintiff to these deprivations of his rights maliciously, intentionally or with a reckless disregard for Plaintiff's rights in vindictive desire to retaliate against Plaintiff for participation in prior EEO discrimination complaint activity and Whistleblower's activities.

97.    The Department of the Navy was aware of the repeated incidents of intentional discrimination and retaliations for Plaintiff's participation in EEO discrimination complaint activity and Whistleblower's activities, but the Secretary of the Navy failed to properly prosecute, discipline or subject to any sanctions the individual Defendants involved in illegal discrimination, retaliations, and reckless disregard for Plaintiff's rights.

98.    As a direct and proximate result of the Defendant's retaliations and willful violations of the Title VII, Plaintiff suffered economic damages and losses, including, but not limited to loss of income, promotion, and opportunities for promotion, discouragement, embarrassment, emotional distress, severe anxiety, stress, and frustration, physical injury, indignity and reduced quality of life.

Plaintiff suffered severe harm to reputation exacerbated by discriminatory acts and retaliations for participation in protected activities. Plaintiff is threatened with further injury that is irreparable in nature.

## COUNT 4. VIOLATION OF TITLE VII (NATIONAL ORIGIN)

99.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 108 above as if fully set forth herein.

100.    Defendants intentionally interfered with a term, condition, or privilege of Plaintiff's employment, denied to Plaintiff promotion and equal employment opportunities on account of his national origin and thereby violated his right to equal employment opportunity as protected by Title VII. The Secretary of the Navy was aware of the individual Defendants' violations of laws, intentional discrimination, and retaliations against Plaintiff; however, the Secretary of the Navy permitted and tolerated a pattern and practice of objectively unreasonable, unjustified, and illegal discrimination prior to and including these depravations of Plaintiff Stoyanov's rights.

101.    Defendant King in conspiracy with subordinate Defendant Wilson, Defendant Mayo, and Defendant Caron maliciously, intentionally or with a reckless disregard for Plaintiff's rights subjected the Plaintiff Dr. Stoyanov to these deprivations as Defendant Thomas and the Secretary of the Navy failed to properly prosecute, discipline or subject to any sanctions the individual Defendants involved in illegal discrimination and reckless disregard for Plaintiff's rights.

102.    As a direct and proximate result of the Defendants' acts and omissions and willful violation of Title VII because of national origin, Plaintiff Dr. Stoyanov suffered severe and permanent damages including but not limited to loss of promotion, lost income, discouragement,

35

embarrassment, emotional distress, severe pain and suffering, emotional distress, severe anxiety, stress, and frustration, injury to health and reputation, economic losses, reduced quality of life, and damages to Plaintiff's career. Plaintiff is threatened with further injury that is irreparable in nature.

## COUNT 5. CONSPIRACY TO VIOLATE CIVIL RIGHTS

103. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 112 above as if fully set forth herein.

104. At all relevant times, each Defendant knew about the Plaintiff's participation in protected activities, the retaliations against Plaintiff and of the intention to violate laws, interfere with a term, condition, or privilege of Plaintiff's employment and to harm Plaintiff as Defendants expressly or implicitly agreed to participate in escalation of discrimination and retaliations against Plaintiff for participation in prior EEO discrimination complaints and Whistleblower's activities. Individual Defendants entered into an understanding or agreement, express or tacit, to participate in a common scheme, plan or design under the color of Federal laws to interfere with a term, condition, or privilege of Plaintiff's employment and to deprive Plaintiff of his constitutional and statutory rights.

105. By virtue of their participation in the aforementioned conspiracy, each of the Defendants jointly and severally liable for damages resulting from any such violations of Plaintiff's rights. Defendants subjected Plaintiff Dr. Y. Stoyanov to these deprivations of his rights maliciously, intentionally, vindictively or negligently with a reckless disregard for the Plaintiff's rights.

106. By reason of the acts done by one or more of the Defendants in furtherance of the aforementioned conspiracy, Plaintiff has suffered economic damages and losses, including, but not limited to loss of income, promotion, opportunity for promotion, discouragement, embarrassment,

emotional distress, severe anxiety, stress, frustration, physical injury, indignity and reduced quality of life. Plaintiff is threatened with further injury that is irreparable in nature. Plaintiff Dr. Yuri Stoyanov suffered severe harm to reputation exacerbated by discriminatory acts and retaliations for participation in EEO and Whistleblower's activities.

## COUNT 6.  AIDING AND ABETTING VIOLATIONS OF CIVIL RIGHTS LAWS

107.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 116 above as if fully set forth herein.

108.    Each Defendant has aided and abetted abuse of authority, corruption of official processes, deceptions, deliberate misrepresentations, and interference with a term, condition, or privilege of Plaintiff's employment as set forth in Count 1, and Count 2, Count 3, Count 4, Count 5, and in willful violations of Federal laws and Plaintiff's constitutional and statutory rights. The Defendants' conduct was intentional, deliberate, oppressive, illegal, and motivated by malice in reckless disregard for the rights of Plaintiff.

109.    Each Defendant is jointly and severally liable for aiding and abetting in the commission of abuse of authority, corruption of official processes, deceptions, deliberate misrepresentations, and interference with a term, condition, or privilege of Plaintiff's employment and violations of Federal laws and Plaintiff's constitutional and statutory rights.

110.    By reason of Defendants' conduct in aiding and abetting the violations of the Federal laws and Plaintiff's constitutional and statutory rights, Plaintiff has suffered economic damages and losses, including, but not limited to loss of income, promotion, opportunity for promotion, discouragement, embarrassment, emotional distress, severe anxiety, stress, frustration, physical

37

injury, indignity and reduced quality of life. Plaintiff is threatened with further injury that is irreparable in nature.

## COUNT 7. OBSTRUCTION OF OFFICIAL PROCESSES

111.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 120 above as if fully set forth herein.

112.    Defendants Meyer, Wilson, Martin, Carruba and Caron obstructed and impeded official processes in violation of 18 U.S.C. 1512 to cover up Defendants' corruption of official processes, deceptions, deliberate misrepresentations, violations of laws, aggravated harassment, interference with a term, condition, or privilege of Plaintiff's employment and violations of Federal laws and Plaintiff's constitutional and statutory rights as Defendants subjected Plaintiff to these deprivations of his rights maliciously, intentionally, vindictively or negligently.

113.    As a direct and proximate result of the Defendants' willful violation of 18 U.S.C. 1512, Plaintiff suffered economic damages and losses, including, but not limited to loss of income, promotion, opportunity for promotion, discouragement, embarrassment, emotional distress, severe anxiety, stress, frustration, physical injury, indignity and reduced quality of life. Plaintiff is threatened with further injury that is irreparable in nature.

## COUNT 8. ABUSE OF ADMINISTRATIVE POWER

114.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 123 above as if fully set forth herein.

115.    Defendant King, in conspiracy with Defendant Wilson, Defendant Martin, Defendant Meyer, Defendant Carrubba, and Defendant Caron acting under the color of Federal laws in official

38

capacity misused and interfered with administrative processes to subject the Plaintiff Dr. Yuri Stoyanov to these deprivations of his rights maliciously, intentionally, and vindictively or negligently with a reckless disregard for Plaintiff's rights.

116.    As a direct and proximate result of the Defendants' willful violations of laws and abuse of administrative power, Plaintiff suffered economic damages and losses, including, but not limited to loss of income, promotion, opportunity for promotion, discouragement, embarrassment, emotional distress, severe anxiety, stress, frustration, physical injury, indignity and reduced quality of life. Plaintiff is threatened with further injury that is irreparable in nature.

## COUNT 9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

117.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 126 above as if fully set forth herein.

118.    Defendant Caron, in conspiracy with Defendant Wilson, Defendant Martin, and Defendant Meyer and Defendant Carrubba acting under the color of Federal laws in official capacity subjected Plaintiff to these deprivations of his rights maliciously, intentionally, vindictively or negligently with a reckless disregard for Plaintiff's rights.

119.    As a direct and proximate result of the Defendants' willful infliction of emotional distress, Plaintiff suffered damages and losses, including, but not limited to loss of income, promotion, opportunity for promotion, discouragement, embarrassment, emotional distress, severe anxiety, stress, frustration, physical injury, indignity and reduced quality of life. Plaintiff is threatened with further injury that is irreparable in nature.

## COUNT 10. FRAUD AND MISREPRESENTATIONS

39

120.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 129 above as if fully set forth herein.

121.    Defendant Caron, in conspiracy with Defendant Wilson, Defendant Martin, and Defendant Meyer and Defendant Carrubba acting under the color of Federal laws in official capacity used intentional misrepresentations, deceptions, and fraud to deprive the Plaintiff of rights guaranteed by the Constitution and Federal laws.

122.    At all relevant times, Plaintiff held accurate belief that Defendants adopted and maintained policy or practice to corrupt official processes by deceptions, deliberate misrepresentations, and aggravated harassment to interfere with a term, condition, or privilege of Plaintiff's employment in violations of Federal laws and Plaintiff's constitutional and statutory rights, as Defendants subjected Plaintiff to these deprivations of his rights maliciously, intentionally, vindictively or negligently.  Plaintiff came to such a belief as a result of Defendants use of intentional misrepresentations, deceptions, and fraud to cover up Defendants' violations of laws and Plaintiff's rights.

123.    Defendants made false and misleading statements to obstruct and deny fair administrative processes, to impede and to cover up Defendants' violations of laws and Plaintiff's rights. The Defendants made these material misrepresentations with the knowledge and intent that the government officials, Department of Defense authorities, MSPB and EEO Commission would rely on said statements.  The Defendants entered into an understanding or agreement, express or tacit, to participate in a common scheme, plan or design to cover up violations of the Plaintiff's rights, Federal laws, and the Navy policy.

124. The Defendants were duty-bound and obligated to provide truthful information. By law no person may make false statements to the government.

125. The Defendants acted tortiously, recklessly, unlawfully, and negligently, to the detriment of Plaintiff. As a result of the Defendants' deceptions, intentional misrepresentations, and fraud to deprive the Plaintiff of rights guaranteed by the Constitution and Federal laws, the Defendants are jointly and severally liable for the torts and other wrongful conduct alleged herein. The Defendants jointly and severally acted in willful, wanton, gross, and callous disregard for the rights of the Plaintiff.

126. As a direct and proximate result of the Defendants' deceptions, intentional misrepresentations and fraud, Plaintiff suffered economic damages and losses, including, but not limited to loss of income, promotion, opportunity for promotion, discouragement, embarrassment, emotional distress, severe anxiety, stress, frustration, physical injury, indignity and reduced quality of life. Plaintiff is threatened with further injury that is irreparable in nature.

## COUNT 11. MALICIOUS ABUSE OF PROCESS

127. Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 136 above as if fully set forth herein.

128. The Department of the Navy was aware of repeated incidents of the Defendants' intentional violations of laws, the Navy policy, abuse of authority, deceptions, misrepresentations, discrimination and the violations of Plaintiff's rights, which were guaranteed by the Constitution and Federal laws. The Secretary of the Navy had been repeatedly informed about the Defendants' intentional violations of laws, Plaintiff's rights, the Navy policy; however, the Secretary of the Navy

41

failed to properly prosecute, discipline or subject to any sanctions the individual Defendants and the agency officials involved in violations of laws, the Navy policy, and Plaintiff's rights guaranteed by the Constitution and Federal laws.

129.    In addition to permitting a pattern and practice of the Defendants' violations of laws, abuse of authority, objectively unreasonable, unjustified, and illegal violations of the Plaintiff's rights, the Secretary of the Navy has been aware but failed to maintain a proper system for immediate resolution of prohibited personnel practices, violations of the Navy policy, and Plaintiff's rights guaranteed by the Constitution and Federal laws as the Head of the agency, the Secretary of the Navy failed to protect the Plaintiff Dr. Yuri Stoyanov against known intentional violations of the Plaintiff's rights and the Federal Laws.

130.    The foregoing acts, omissions, systemic flaws, policies, and customs of the Department of the Navy caused Navy officials to believe that the intentional and willful violations of the Navy policy, regulations, and Federal Laws would not be aggressively, honestly, objectively and properly investigated, and Defendant Caron in conspiracy with Defendant Wilson, Defendant Martin, and Defendant Carrubba acting under the color of Federal laws in official capacity continued to intentionally violate Federal Laws and interfere with a term, condition, or privilege of Plaintiff's employment to exacerbate Plaintiff's economic damages and losses, including, but not limited to loss of income, promotion, opportunity for promotion, discouragement, embarrassment, emotional distress, severe anxiety, stress, frustration, physical injury, indignity and reduced quality of life. Plaintiff is threatened with further injury that is irreparable in nature.

131.    Defendants maliciously and intentionally abused their positions against the Plaintiff in order to intimidate the Plaintiff from asserting his rights against unlawful actions based on Defendants' deceptions, fraud, and intentional violations of Plaintiff's rights.

132.    Deliberate and continuous violations of Plaintiff's rights, humiliation, aggravated harassment, and intentional interference with a term, condition, or privilege of Plaintiff's employment to harm Plaintiff had caused Plaintiff mental anguish, sleeplessness, and frustration that affected Plaintiff's life and was further exacerbated by illegal suspension from work, denied promotion or assignment leading to promotion, and further violations of Plaintiff's rights. The severity of harm resulting from the Defendants' actions affected the Plaintiff's health and well being. Severe mental and emotional harm suffered through this period have interfered and affected the Plaintiff's relationships with family and friends and Plaintiff had experienced severe physical pain.

133.    Mental anguish was further exacerbated by realization that Defendants intentionally fabricated accusations to suspend Plaintiff from work, and to escalate damages to the Plaintiff's reputation in attempt to remove Plaintiff from Federal service.

134.    The Plaintiff has suffered substantial loss in earnings when instead of being promoted to the ND-5 level, Defendants constructively suspended Plaintiff from his position as Scientist, and denied every opportunity for promotion or assignment leading to promotion because of Defendants' intentional violations of laws, the Navy policy, abuse of authority, deceptions, misrepresentations, and the violations of Plaintiff's rights, which were guaranteed by the Constitution and Federal laws.

**COUNT 13.  VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE FIRST AMENDMENT**

(42 U.S.C. §1983 Violation of Plaintiff's Constitutional rights)

135.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 144 above as if fully set forth herein.

136.    Defendants jointly and severally acting under the color of Federal laws in official capacity deprived Plaintiff of constitutional rights under the First Amendment of free speech. Defendants expressly or implicitly agreed to participate in violations of Plaintiff's constitutional rights while acting under color of law. Defendants conspired to deceive suppress, and deprive Plaintiff of his constitutional rights to express concerns about violations of laws, fraud, and Defendant's criminal conduct in a nonpublic forum.

137.    By virtue of Defendant's violations of Plaintiff's constitutional rights, Plaintiff suffered severe economic damages and losses, including, but not limited to Plaintiff's loss of income, and opportunities for promotion, aggravated harassment, humiliation, emotional distress, severe anxiety, stress, and frustration, psychological and physical injury, indignity and reduced quality of Plaintiff's life.

## COUNT 14.  VIOLATION OF PLAINTIFF'S PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS

(42 U.S.C. §1983 Violation of Plaintiff's Constitutional rights under the Fourteenth Amendment)

138.    Plaintiff Dr. Yuri Stoyanov repeats and incorporates by reference the allegations of paragraphs 1 through 147 above as if fully set forth herein.

139.    In violation of the Equal Protection Clause of the Fourteenth Amendment by individual Defendants jointly and severally acted "under color of law" to deprive Plaintiff of constitutional

44

rights. Defendants expressly or implicitly agreed to participate in violation of Plaintiff's constitutional rights while acting under color of law. Individual Defendants were well aware about intentions to violate Plaintiff's rights.

140.    Defendants deprived Plaintiff of his rights by virtue of abusing their positions while acting under color of law to maliciously inflict Plaintiff with severe economic damages and losses, including, but not limited to Plaintiff's loss of income, and opportunities for promotion and assignments, emotional distress, severe anxiety, stress, and frustration to cause Plaintiff psychological and physical injury, indignity and reduced quality of Plaintiff's life.

141.    Defendants escalation of intentional violations of laws and expressly or implicitly agreed to set in motion a series of acts to violate Plaintiff's rights. Individual Defendants subjected Plaintiff Dr. Yuri Stoyanov to these deprivations of his rights maliciously, intentionally, vindictively or with deliberate indifference and a reckless disregard for Plaintiff's rights.  By virtue of Defendants' participation in the aforementioned conspiracy, each of the Defendants jointly and severally liable for damages resulting from any such violations of Plaintiff's constitutional rights and failure to accord appropriate levels of procedural due process encompassed within the Equal Protection Clause of the Fourteenth Amendment's protection of life, liberty or property and First Amendment speech rights.

142.    As a direct cause of the Defendants' willful violations of Plaintiff's rights and federal laws, the Plaintiff Dr. Yuri Stoyanov suffered severe physical and psychological pain, economic damages and losses, humiliation, embarrassment, emotional distress, anxiety, stress and frustration, indignity and loss of life's pleasures.

143.    Failure to act by the agency officials who were aware of the Defendants' violations of Plaintiff's rights, interference with a term, condition, or privilege of Plaintiff's employment, and the Defendants' reckless and wanton disregard for the federal laws  and outrageous deceptions, fraud, perjuries, intentional misrepresentations, and malice on the part of the Defendants have exacerbated Plaintiff's severe economic damages and losses, including, but not limited to Plaintiff's loss of income, promotion, and emotional distress, severe anxiety, stress, frustration, psychological and physical injury, indignity and reduced quality of Plaintiff's life the Plaintiff had to endure and suffer. The Plaintiff is 54 years old now and has sustained prolong emotional distress and mental pain, ongoing severe anxiety, physical pain and suffering coupled with frustration at the Defendants' persistent and intentional violations of laws, abuse of authority, malicious interference with a term, condition, or privilege of Plaintiff's employment, and objectively unreasonable, unjustified, and illegal violations of Plaintiff's rights, which were guaranteed by the Constitution and Federal laws.

144.    As a result of said illegal actions by the Defendants, the Plaintiff Yuri Stoyanov suffered all the damages and injuries as aforesaid.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, Yuri J. Stoyanov, requests that this Honorable Court:

A.        Award Compensatory damages against the Defendants jointly and severally, in the amount of EIGHTY FIVE MILLION DOLLARS ($85,000,000.00);

B.        Award Compensatory damages for non-economic injuries in amount authorized by law.

C.     Award Back pay with prejudgment to which the Plaintiff is entitled as authorized by law.

D.     Award Consequential damages against the Defendants, jointly and severally, for pain and suffering, emotional distress, economic losses, injury to Plaintiff's health and reputation damaged by unlawful acts of agency officials in total amount of NINETY FIVE MILLION DOLLARS ($95,000,000.00).

E.     Award immediate reinstatement and promotion to position at the ND-5 level with pay and benefits:

F.     Award back pay of all wages, salary, employment benefits, and other compensation lost as a result of unlawful suspension.

G.     Award removal of all actions related to suspension and removal from all records.

H.     Award costs of this action, including attorney's fees and the Plaintiff's labor for prosecuting this action.

I.     Award punitive damages against the individual Defendants to deter Defendants from future acts of intentional violations of constitutional rights in an amount authorized by law.

J.     Award such other legal and equitable relief that may be just or proper under the circumstances.

Respectfully submitted,

Yuri Stoyanov

Yuri Stoyanov

**JURY DEMAND**

47

Plaintiff, Yuri J. Stoyanov, demands a trial by jury on all the issues in this action that are triable by

law.

Yuri Stoyanov

7560 Pindell School Road
Fulton, MD 20759
Tel. (301) 604-7615